UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AUGUSTO N. CUELLO,<br><br>Petitioner,<br><br>v.<br><br>DISTRICT OF NEW JERSEY,<br><br>Respondent. | Civil Action No. 06-2117 (MCA)<br><br>MEMORANDUM AND<br>ORDER |

This matter has been opened to the Court by *pro se* litigant Augusto N. Cuello's filing of an application for pro bono counsel, which is dated October 29, 2015. (ECF No. 16.) The application appears to have been docketed in Petitioner's habeas case in error, as this action was dismissed with prejudice by the district court in 2006. The application for pro bono counsel appears to relate to a new claim for denial of access to the law library brought pursuant to 42 U.S.C. § 1983[1] (*id.*, application at page 1); however, the application is not accompanied by a Complaint. Mr. Cuello has also failed to submit the filing fee or an application to proceed *in forma pauperis* ("IFP").

Pursuant to 28 U.S.C. § 1915(a)(1), a court may allow a litigant to proceed without prepayment of fees if he submits a proper IFP application. Although Section 1915 refers to "prisoners," federal courts apply Section 1915 to non-prisoner IFP applications. *Peterson v. Weiss*, No. 12-5431, 2012 WL 6042795, at *1 (D.N.J. Dec. 3, 2012); *El Ameen Bey v. Stumpf*, No. 11–5684, 2011 WL 4962326, at *11 n. 7 (D.N.J. Oct.17, 2011) ("Although Section 1915(a)

---

[1] The Court also notes that the District of New Jersey is listed as the Respondent in the new action; however, the District of New Jersey would not be a proper respondent in an action alleging denial of law library access under Section 1983.

1

refers to a 'statement of all assets such prisoner possesses,' this section has been applied by courts in their review of applications of non-prisoners as well.") (citing *Douris v. Middletown Twp.*, 293 Fed. App'x 130 (3d Cir. 2008)). The decision to grant or deny an IFP application is based solely on the economic eligibility of the litigant. *Peterson*, 2012 WL 6042795, at *1 (citing *Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976)). The Court will instruct the Clerk of the Court to send Mr. Cuello AO 239 (Rev. 12/13) Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form).

For docket management purposes, the Court will also administratively terminate Mr. Cuello's application for pro bono counsel at this time. (ECF No. 16.) If Mr. Cuello files his Complaint, and either a complete application to proceed *in forma pauperis* or the required filing fee, the Clerk of the Court shall docket the Complaint and associated filings <u>as a new action</u> and also docket his application for pro bono counsel (ECF No. 16) in the new action.

**THEREFORE**, it is on this day of _____, 2016;

**ORDERED** that the Clerk of the Court shall administratively terminate the pending application for pro bono counsel (ECF No. 16 ), which has been docketed in this case in error; and it is further

**ORDERED** that the Clerk of the Court shall send Mr. Cuello a blank form application to proceed *in forma pauperis*-non prisoner AO 239 (Rev. 12/13), Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form); and it is further

**ORDERED** that if Mr. Cuello intends to proceed with a civil rights action pursuant to 42 U.S.C. § 1983, he shall so notify the Court, in a writing addressed to the Clerk of the Court, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, NJ 07101, within 30 days of the date of entry of this Order; his writing shall include (1) a signed and dated

Complaint, and either a complete, signed *in forma pauperis* application or the $400 fee including the $350 filing fee plus the $50 administrative fee; and it is further

**ORDERED** that upon receipt of a Complaint and a complete *in forma pauperis* application or payment of the filing and administrative fees within the time allotted by this Court, the Clerk of the Court will be directed to docket the Complaint and associated filings <u>as a new action</u>; at that time, the Clerk of the Court shall also docket the application for pro bono counsel (ECF No. 16) in the new action[2]; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Mr. Cuello by regular U.S. mail and close this case accordingly.

_____
Madeline Cox Arleo, District Judge
United States District Court

---

[2] To the extent Mr. Cuello seeks and is receives IFP status, the Complaint will not be filed, however, until the district court completes its *sua sponte* screening.